1. Appellate Practice —Two New Trials —Verdict against Evidence. — upon a Bill of Injunction filed, a new trial at law was granted; a verdict was found for the complainant, but certified by the Judge to be against the weight of evidence; another trial being directed, a second verdict was found as before; whereupon, the Judge certified with the verdict all the evidence given to the Jury; from which it clearly appeared that the merits of the case were against the complainant. The Court of Appeals thereupon, did not award another trial, but dissolved the Injunction, and dismissed the Bill with costs.
2. Chancery Practice — Injunction against Assignor and Assignee — Decree.*—The assignor and assignee of a bond being made defendants to a bill exhibited by the obligor, for an Injunction and for general relief; he alledging that he paid the money to the assignor without notice of the assignment; if that allegation be afterwards disproved, whereupon the In j unction is dissolved, and the Bill dismissed as to the assignee; the cause ought yet to be retained and farther proceeded in, to give the complainant relief against the assignor.
To these answers the plaintiff replied generally: — a decree nisi was entered against'Henry, but does not appear to have been served.
The Chancellor perpetuated the Injunction ; and Ruffner appealed.
Since all the evidence which was before the Jury appears to this Court, and the merits are clearly in favour of the plaintiff at law, there is no necessity for awarding "another trial, but the Court may direct the Injunction tobe dissolved and the Bill dismissed.
It is not necessary for me to discuss the evidence after two concurring Verdicts. This Court cannot judge of the credibility of the Witnesses, as the Jury could. Their manner of giving testimony, their looks, could be seen by them, but can not now be known by this Court, (b) In strictness the Chancellor ought not to have granted the second new trial, the Judge’s certificate being, merely, that the weight of evidence was against the verdict, (c)
Eeigh in reply. The verdict and decree are not only against the weight of evidence, but against the evidence altogether; for there is no contradictory testimony in the case. In Shanks and McRae v. Fen-wick, 2 Munf. 478, this Court regarded the weight of evidence, and discarded all other considerations. In Stanard v. Graves, three concurring verdicts had been given on the same evidence. If in this case there were three such verdicts, I should submit.
By this Court, the Decree was reversed, the Injunction dissolved, and the Bill dismissed with Costs, October 30th 1818. This Order was re-considered, November 4th; amended by setting aside the dismission of the Bill as to Samuel Henry; and the cause remanded to the Court of Chancery, to be farther proceeded in against him.
See principal case cited in Blair v. Thompson, 11 Gratt. 448. See foot-note to this case.